PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

RONALD J. SMITH, *et al.*,           )
                                     )      CASE NO. 4:17CV1142
      Plaintiffs,               )
                                     )
      v.                         )      JUDGE BENITA Y. PEARSON
                                     )
U.S. BANK NATIONAL ASSOCIATION,      )
*et al.*,                            )      **MEMORANDUM OF OPINION AND**
                                     )      **ORDER** [Resolving ECF Nos. 17, 24, and
      Defendants.               )      32]


     Pending are Defendants' Motion to Dismiss (ECF No. 17) pursuant to Fed. R. Civ. P.

12(b)(1) and 12(b)(6); Plaintiffs' Request for Leave to Amend their Complaint (ECF No. 24);

and Plaintiffs' Request for Judicial Notice (ECF No. 32).  For the reasons set forth below, the

Court grants Defendants' Motion to Dismiss (ECF No. 17) and Plaintiffs' Request for Judicial

Notice (ECF No. 32) of certain documents.  Plaintiffs' Request for Leave to Amend (ECF No.

24) is granted in part.

## I.  Background

     Plaintiffs Ronald J. Smith and Nancy L. Smith filed suit against Defendant U.S. Bank

National Association ("U.S. Bank"), as Trustee for Certificate Holders of Bear Stearns

Asset-Backed Securities I LLC Asset-Backed Certificate Series 2004-HE5, and Defendant Select

Portfolio Servicing, Inc. ("SPS"), as Loan Servicer, (collectively "Defendants"), seeking civil

penalties, a permanent injunction, restitution, disgorgement, and other equitable relief.  ECF No.

1.  Plaintiffs contend that Defendants failed to provide financial services and debt collection

practices in a manner consistent with their legal obligations under the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C §§ 1681 1681x; the Fair Credit Reporting Act ("FCRA"),

15 U.S.C. §§ 1692 1692p; and the Federal Trade Commission Act ("FTC"), 15 U.S.C. § 44. *Id.*

*at PageID#: 1.* A brief history of the on-going mortgage dispute is provided below.

### A. The Mortgage

In January 2004, Plaintiffs had several discussions with a representative from Plaintiffs'

original mortgagee, Motion Financial, concerning a possible refinancing of the mortgage on their

home. ECF No. 1 at PageID#: 3, ¶ 11. Plaintiffs sought to "either refinance the balance of the

loan, or, in the alternative, to extract equity from their [home], for the purpose of paying credit

cards and other personal loans due to a deteriorating income stream as compared to their income

stream for the prior year, and additionally to be able to fund the March 1, 2004 mortgage

payment." *Id.* at ¶ 12. On March 5, 2004, Plaintiffs entered into a mortgage loan agreement with

Motion Financial and Encore Credit Corp ("Encore"), who was a subsequent Loan Servicer. *Id.*

*at PageID#: 4, ¶ 20.* Plaintiffs executed a Note in the amount of $528,500.00 in favor of Encore

for their home, and the Note was secured by a Mortgage encumbering their home. *Id.* at

PageID#: 3, ¶¶ 9 10.

Plaintiffs allege that after the loan refinance was executed, the loan "was sold to a

securities firm" immediately after the closing and, "ended up as collateral for Bear Stearns

Asset-Backed Securities LLC Asset-Backed Certificates Series 2004-HE5, a securitized Trust."

*Id.* at PageID#: 4, ¶ 21. On May 10, 2005, the Mortgage was assigned to LaSalle Bank National

Association ("LaSalle"), as Trustee for certificateholders of Bear Stearns Asset Backed Securities

I LLC Asset-Backed Certificates Series 2004-HE5.  ECF Nos. 1 at PageID#: 4, ¶ 22; 17_1 at PageID#: 96.

### B.  The State-Court Foreclosure Action

Plaintiffs defaulted on the loan, and on October 18, 2005, LaSalle filed a foreclosure action against Plaintiffs and others in the Court of Common Pleas for Mahoning County, Ohio, identified as Case No. 2005-CV-3869.  ECF No. 1 at PageID#: 5, ¶ 28.  After an evidentiary hearing, the state court granted LaSalle's motion for summary and default judgment, and entered judgment against Plaintiffs on January 12, 2007.  *Id.* at ¶ 32.  The state court noted in its Order that "Plaintiffs' property 'shall be foreclosed and . . . an order of sale may be issued to the Mahoning County Sheriff, directing him to appraise, advertise in a paper of general circulation within the County and sell said premises as upon execution and according to law free and clear of the interest of all parties to this action.'"  *Id.*  A series of foreclosure sales were scheduled, but were withdrawn for various reasons, including a bankruptcy filing.  *Id.* at PageID#: 6, ¶¶ 33_42.

### C.  The District-Court Action and Subsequent State-Court Actions

On June 17, 2008, Plaintiffs filed a complaint in the Northern District of Ohio against Encore, Bear Stearns Residential Mortgage Corporation, Option One Mortgage, Motion Financial, and Ellyn Klein Grober, alleging several claims, including violations of the FCRA.  ECF Nos. 1 at PageID#: 7, ¶ 44; 17_3.  On December 9, 2008, the district court dismissed the federal claims, none of which alleged a FDCPA violation, with prejudice for failure to state a claim.  ECF No. 17_4.  On May 1, 2009, Plaintiffs filed a state court action against LaSalle, Encore, Bear Stearns Residential Mortgage Corporation, Option One Mortgage, Motion

(4:17CV1142)

Financial, Ellyn Klein Grober, Bank of America, and JPMorgan Chase. ECF No. 17 at PageID#: 84. On May 31, 2011, the 2009 state court action was dismissed for failure to state a claim. *Id.* From 2011 to present, Plaintiffs have filed several motions in state court to vacate the foreclosure judgment but, to no avail. *Id.* at PageID#: 84‒85.

### D.  Present District-Court Action

On June 2, 2017, Plaintiffs filed this action asserting several federal claims against Defendant U.S. Bank (who alleges to be the successor-in-interest to LaSalle) and Defendant SPS, as loan servicer, for failure to provide financial services and debt collection services in a manner consistent with their legal obligations under: (1) the FCRA, 15 U.S.C. §§ 1681‒1681x; (2) the FDCPA, 15 U.S.C. §§ 1692‒1692p; and (3) the FTC Act, 15 U.S.C. § 44.  ECF No. 1. Plaintiffs' claims are premised upon several alleged actions by Defendants to collect Plaintiffs' debt, that is, when: (1) Defendant SPS included three new charges in their validation of debt letter: (a) interest of $73,955.17; (b) escrow advance of $93,938.24; and (c) corporate advances of $5,083.15, thereby, increasing the amount of debt owed, without any explanation; and, (2) Defendant U.S. Bank falsely misrepresented that it is the real party in interest of Plaintiffs' mortgage upon initiating state foreclosure filings against Plaintiffs. *Id.* Defendants move to dismiss Plaintiffs' entire complaint. ECF No. 17.  In response, Plaintiffs have agreed to the dismissal of Count I, which alleges Defendants' violation of the Fair Credit Reporting Act ("FCRA"); Count III, which alleges Defendants' violation of the FTC; and their allegation in

paragraph 95, under Count II of the Complaint, relating to an alleged violation of § 1692e(8) of the FDCPA.[1]  ECF No. 24.  Defendants replied.  ECF No.  25.

## II.  Standards of Review

### A.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(1).  A motion to dismiss for lack of subject-matter jurisdiction may involve either facial attacks or factual attacks upon a court's jurisdiction.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading."  *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  When resolving a facial attack, the reviewing court assumes the allegations within the complaint are true.  *Id.*  "Where, on the other hand, there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations."  *Id.*  When reviewing a factual attack, the court must weigh the conflicting evidence to determine

---

[1]  *See* Plaintiffs' Response in which they make clear the following: "With respect to Counts I and III, Plaintiffs concede that Defendants' argument is well-taken, and Plaintiffs do not intend to pursue these counts further."  ECF No. 24 at PageID#: 271   72.  And, "Plaintiffs concede that Defendants' argument regarding the allegation in paragraph 95 of the Complaint, relating to an alleged violation of 1692 U.S.C. § 1692e(8), for Defendants' failure to communicate to credit reporting agencies (CRAs) that Plaintiffs' alleged debt was in dispute, is well-taken and submit that this paragraph should be removed from the Complaint."  *Id.* at PageID#: 272 n.1.

whether subject-matter jurisdiction exists.  *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004).  Plaintiffs bear the burden of establishing that jurisdiction exists.  *Madison Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  Lack of subject-matter jurisdiction is a non-waivable, fatal defect.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, a plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face."  *Id.* at 557, 570.  A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted.  *Twombly*, U.S. 550 at 564.

**B.  Consideration of Matters Outside of the Pleadings**

Fed. R. Civ. P. 12(d) provides that if, on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are considered, the motion must be treated as one for summary judgment

under Rule 56. In ruling on a motion to dismiss, the Court may only consider documents attached to, incorporated by, or referred to in the pleadings. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 924 (N.D. Ohio 2009). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to the claims, and therefore may be considered without converting a Rule 12(b)(6) motion to dismiss to a Rule 56 motion. *Id.* (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997)), *abrogated on other grounds by Swierkiweicz v. Sorema N.A.*, 534 U.S 506, 122 S.Ct. 922, 152 L.Ed.2d 1 (2002).

In addition to the pleadings, federal courts may also consider materials that are public records or otherwise appropriate for taking judicial notice without converting a Rule 12(b)(6) motion to a Rule 56 motion. *See Whittiker*, 605 F. Supp. 2d at 925 (citing *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).

In the instant matter, the documents attached to Defendants' motion to dismiss, and the subject of Plaintiffs' request for judicial notice, are public records and central to Plaintiffs' claims that Defendants violated the FDCPA because Defendant SPS included three new charges in Plaintiffs' July 14, 2016 Validation of Debt letter without any explanation, and Defendant U.S. Bank falsely misrepresented that it is the real party in interest of Plaintiffs' mortgage. ECF No. 1.

Defendants attached public records regarding the state foreclosure actions and prior federal action, against the Plaintiffs as exhibits to their motion to dismiss. *See* ECF Nos. 17 1;

17_2; 17_3, 17_4, and 17_5.  Plaintiffs have not objected to these documents or challenged their authenticity.  The proffered documents are admissible as public records.  *See New England Health Care Employees Pension Fund*, 336 F.3d 495, 501 (6th Cir. 2003) (courts may consider materials beyond the complaint "if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

Additionally, Plaintiffs request that the Court take judicial notice of the October 10, 2017 Assignment of Mortgage ("Assignment"), in support of their opposition to Defendants' motion to dismiss, showing Defendant U.S. Bank to be the trustee of the issuer or depositor of the mortgage loans of Plaintiffs subsequent to the filing of the state foreclosure actions.  *See* ECF No. 32; 32_1.  Defendants object to the Assignment being judicially noticed in arguing that the Assignment has nothing to do with the sole remaining FDCPA claim.  ECF No. 33 at PageID#: 308.  Defendants do not question the validity of the Assignment, but rather, assert that the Assignment will not change the analysis to dismiss Plaintiffs' FDCPA claim.  *Id.*  Plaintiffs replied.  ECF No. 34.

Because the Assignment is central to Plaintiffs' allegation that Defendant U.S. Bank falsely represented itself as the owner of Plaintiffs's mortgage, the Court takes judicial notice of the document.  *See* Fed. R. Evid. 201 ("A court shall take judicial notice if requested by a party and supplied with the necessary information.").

**C.  Request for Leave to Amend**

Fed. R. Civ. P. 15(a) authorizes a plaintiff to amend the complaint once as a matter of course within twenty-one days of service of the complaint, a responsive pleading, or a motion to

dismiss. Fed. R. Civ. P. 15(a)(1). After that twenty-one-day window has expired, a plaintiff may

amend the complaint only with the court's leave or the defendant's written consent. *Springs v.*

*U.S. Dept. of Treasury*, 567 F. App'x 438, 443 (6th Cir. 2014) (citing Fed. R. Civ. P. 15(a)(2)).

Rule 15(a)(2) instructs the courts to "freely give leave when justice so requires" and "set[s] forth

a 'liberal policy of permitting amendments to ensure the determination of claims on their

merits.'" *Id.* (citing *Oleson v. U.S.*, 27 F.App'x 566, 569 (6th Cir. 2001)). A request under Rule

15(a) is governed by the requirements of Rule 7(b), which states that a motion "shall state with

particularity the grounds therefor. . . ." *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853

(6th Cir. 2006). Therefore, a "bare request" for leave to amend is not a proper motion under Rule

15(a). *Id.*

Denial of a motion for leave to amend the complaint generally is reviewed for abuse of

discretion, when the movant fails to state the grounds for leave with particularity. *Id.* The Sixth

Circuit has consistently affirmed a district court's denial of such a request in similar situations

when plaintiffs have barely attempted to follow the proper amendment procedures. *See Robbins*

*v. New Cingular Wireless PCS, LLC*, 854 F.3d 315 (6th Cir. 2017) (affirming the district court's

decision denying the plaintiffs leave to amend their complaint on futility grounds when the

plaintiffs could have amended their complaint as matter of course after the defendant filed its

motion to dismiss, or moved for leave to amend during that period, but instead asked in their

opposition to the motion to dismiss); *Evans*, 434 F.3d at 854 (6th Cir. 2006) (holding that the

district court did not abuse its discretion in denying requests for leave to amend the complaint,

when the plaintiff buried her requests for leave in her responses to the defendant's motion to

dismiss, and it was not clearly presented as a distinct motion); *Durante v. Fairlane Town Ctr.,* *201 F. App'x 338, 344 (6th Cir. 2006)* (denying leave despite "liberal policy with respect to amendments of defective pleadings," when the plaintiff failed to file a motion to amend and omitted specific facts supporting his claim).

### III. Analysis

Defendants seek the dismissal of Plaintiffs' Complaint with prejudice on several grounds. Mainly, Defendants argue that Plaintiffs failed to a state claim upon which relief can be granted as to each of their claims and that Plaintiffs lack standing for their FDCPA claim. ECF No. 17. Plaintiffs concede that dismissal of their FCRA claims, FTC claim, and § 1692e(8) of the FDCPA claim. ECF No. 24. Plaintiffs oppose the dismissal of their sole remaining claim alleging violations of § 1692e(2)(A) of the FDCPA, and, in the alternative, seek leave to amend certain pleading deficiencies concerning their § 1692e(2)(A) if the Court so requires, and to pursue additional causes of action against Defendants. *Id.* at PageID#: 274. Defendants replied, ECF No. 25, arguing that Plaintiffs' request to amend their Complaint is improper, and that the Court should grant Defendants' Motion (ECF No. 17). Each argument is addressed in turn.

### A. Plaintiffs' FDCPA Claim

Congress enacted the FDCPA in order to eliminate the use of abusive, deceptive, and unfair debt collection practices by debt collectors. *Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir. 2006)* (internal quotations and citations omitted). "The statute is very broad, and was intended to remedy what is considered to be a widespread problem." *Id.* "When

interpreting the FDCPA, [the court] begins with the language of the statute itself . . . ." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (quoting *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999)). In their Complaint, Plaintiffs allege that Defendants violated § 1692e(2)(A) of the FDCPA, which prohibits false, deceptive, or misleading representations of the character, amount, or legal status of any debt, when Defendant SPS included three new charges in their validation of debt letter thereby increasing the amount of debt owed, without any explanation; and, Defendant U.S. Bank falsely misrepresented that it is the real party in interest of Plaintiffs' mortgage upon initiating state foreclosure filings against Plaintiffs. ECF No. 1. Defendants assert that Plaintiffs' FDCPA claim should be dismissed and raise the following arguments to support their position. ECF No. 17.

As an initial matter, Defendants argue that Plaintiffs' claim under § 1692e(2)(A) fails because Plaintiffs have not alleged a concrete injury sufficient to confer Article III standing. *Id. at PageID#: 92*. Additionally, Defendants contend that Plaintiffs' FDCPA claim fails because Plaintiffs have not alleged that either Defendant is a "debt collector" subject to the FDCPA. *Id. at PageID#: 89 90*. Defendants further attack Plaintiffs' § 1692(e)(2)(A) claim in arguing that their claim fails because Plaintiffs have not alleged a plausible misrepresentation by either Defendant concerning the character, amount, or legal status of the debt. *Id. at PageID#: 90*.

### 1. Plaintiffs Have Not Alleged Specific Harm Sufficient For Standing under §1692e(2)(A)

Article III of the United States Constitution limits the power of the federal courts to the adjudication of certain cases and controversies. *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 253 (6th Cir. 2014) (citing U.S. Const. art. III, Sec. 2, cl. 1). The doctrine of standing

aids the court in discerning its limitations. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). The plaintiff bears the burden of establishing standing. *Id.* (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). To satisfy the "irreducible constitutional minimum of standing," the plaintiff must establish that: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and, (3) that the injury can likely be redressed. *Id.* (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992)). At the motion to dismiss stage, "the standing inquiry must . . . be done in light of the factual allegations of the pleadings." *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992). In determining whether a party sustained an injury, this "inquiry often turns on the nature and source of the claim asserted." *Slorp*, 587 F. App'x at 253. In its recent decision, *Spokeo, Inc. v. Robins*, the Supreme Court discussed the particularization and concreteness components integral to a plaintiff's showing of the existence of an injury in fact. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 49 (2016). The Supreme Court in *Spokeo* reiterated that it has "made clear time and time again that an injury in fact must be concrete and particularized" and that though injury in fact requires particularity, this prerequisite does not suffice on its own; a showing that the injury is concrete is also necessary. *Id.* at 1548 (citing *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014)) (emphasis added).

"A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Id.* In describing the nature of concreteness, the Supreme Court opined that concrete is not "necessarily

synonymous with 'tangible'" and that "intangible injuries can nevertheless be concrete." *Id.* at 1549. To be concrete, a plaintiff's injury must not be abstract. *See id.* at 1548 (noting that there is no standing when the complained-of conduct does not cause harm or present any material risk of harm). The Supreme Court further opined that a useful guide for spotting concrete injuries is "historical practice" *i.e.*, "whether alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* at 1549. Injuries that are too immaterial to meet this standard include: "the dissemination of an incorrect zip code" to the general public, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 1550 (2016); a violation of state procedural rules with no connection to the FDCPA, *Lyshe v. Levy*, 854 F.3d 855, 856 (6th Cir. 2017); and a debt collector's inability to prove present debt ownership at the time a collection action is filed, *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331 33 (6th Cir. 2006).

Because Plaintiffs allege that Defendant SPS misrepresented the amount of debt Plaintiffs owe when it included three new entries in their validation of debt letter, and that Defendant U.S. Bank's state foreclosure actions have burdened them with the task of having to answer to a debt, their injury is "particularized" Defendants' actions "affect[ed] [them] in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. Accordingly, the decisive question here is, whether Plaintiffs have alleged an injury that is also concrete. *Id.* at 1550 (holding that failure to separately analyze concreteness and particularity was error).

First, regarding Defendant SPS's conduct of including three new entries in Plaintiffs' July 14, 2016 Validation of Debt Letter, the Court finds that Plaintiffs have not alleged a concrete

injury as defined in *Spokeo*. *See* ECF No. 1 at PageID#: 9, ¶ 63  65.  Defendant SPS's  failure

to provide a response to Plaintiffs' inquiry concerning the total amount of debt owed does not

necessarily equate to a false representation of the amount of debt owed, as required for a FDCPA

violation.  This is so, given that Plaintiffs only allege that Defendant SPS failed to provide an

explanation of the new charges, and not that Defendant falsely represented the amount, character,

or legal status of debt owed.  *See* ECF No. 1 at PageID#: 9.  Accordingly, Plaintiffs have not

alleged a concrete injury sufficient for standing, with respect to Defendant SPS's conduct.  *See,*

*e.g., Spokeo*, 136 S. Ct. at 1550 (explaining, within the context of the FCRA, that not all

procedural violations may present a material risk of harm   especially when that information may

be entirely accurate).

Second, with respect to Plaintiffs' assertion that they suffered an injury by having to

answer a debt because Defendant U.S. Bank failed to provide proof that it is "in fact authorized

to seek the repayment of the alleged debt," Plaintiffs also fail to allege an injury sufficient to

have standing before this Court.  Section 1692e(2)(A) of the FDCPA expressly prohibits false

representations concerning the character, amount, or legal status of a consumer's debt.  15 U.S.C.

§ 1692e(2)(A).  Under this section, Plaintiffs have not plausibly alleged that Defendant U.S.

Bank's state foreclosure actions caused them injury concerning the debt owed.  Although

Plaintiffs contend that Defendants are not the party in interest to collect on their debt, it is

undisputed that Plaintiffs, regardless of whom the party in interest is, owe and must answer a

debt   as evidenced through the January 12, 2007 state foreclosure action entering judgment

against Plaintiffs and ordering the sale of their property.  ECF No. 1 at PageID#: 5, ¶ 28.  Given

this critical fact, Plaintiffs have not shown that they have suffered a concrete injury by having to answer a debt they are legally obligated to pay.

For these reasons, Defendants' motion to dismiss for lack of standing is granted.

### 2.     Plaintiffs Have Not Alleged a Plausible FDCPA claim

Count Two alleges that Defendants violated § 1692e(2)(A) of the FDCPA in the form of false, deceptive, or misleading representation when: (1) Defendant SPS included three new entries in its validation of debt letter to Plaintiffs without any explanation of the new charges or how it calculated that amount; and (2) Defendant U.S. Bank falsely represented that it is the real party in interest of Plaintiffs' mortgage when it initiated several orders of sale concerning the state foreclosure action.  ECF No. 1 at PageID#: 12_13.

To prevail on a claim under § 1692e, a plaintiff must establish that: (1) it is a "consumer" as defined by the FDCPA, (2) the "debt" arose "out of transactions which are 'primarily for personal, family or household purposes,'" (3) the defendant is a "debt collector" as defined by the FDCPA, and (4) the defendant violated the prohibitions set forth in § 1692e. *Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1100 (6th Cir. 2015) (citing *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012)).  "[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under [the FDCPA]." *Harvey*, 453 F.3d 324 at 328.

Within this context, the question before the Court becomes whether Plaintiffs have pleaded an actionable FDCPA claim.  The Court finds that Plaintiffs have not.

(4:17CV1142)

### i. Defendants are Not Debt Collectors as Defined under the FDCPA

Defendants argue that Plaintiffs' fail to plead a plausible FDCPA claim because they have not shown that Defendants are "debt collectors" as defined under the FDCPA. ECF No. 17 at PageID#: 89.

The FDCPA applies only to "debt collectors" defined as any person who uses any instrumentality of interstate commerce or the mails in any business "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "For an entity that did not originate the debt in question, but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired." *Bridge v. Ocwen Fed. Bank*, FSB, 681 F.3d 355, 359 (6th Cir. 2012). In its recent decision, *Henson v. Santander Consumer USA Inc.*, the Supreme Court held that even when an entity acquires a defaulted debt, it is not a debt collector when it does not engage in collection activities, or when it seeks to collect on its own behalf rather than for another. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017).

The Supreme Court in *Henson* specifically addressed only whether the defendant could be found a debt collector when attempting to collect debts owed to itself as opposed to another. *Henson*, 137 S. Ct. at 1721. In holding that the defendant was not a debt collector because it sought to collect a debt on its own behalf, *Henson* appears to address circumstances similar to the present case, in which it is undisputed that Defendant U.S. Bank seeks to collect Plaintiffs' debt

on its own behalf, and Defendant SPS serves as its mortgage servicing agent.  *See* ECF No. 1 at PageID#: 9; ECF No. 17.  Regardless of the origins of Plaintiffs' debt, neither Defendant can be considered a debt collector under the FDCPA.

Accordingly, the Court finds that because Defendants are not debt collectors as defined under the FDCPA, Plaintiffs have not successfully pleaded a FDCPA claim.

### ii.  Plaintiffs Have Not Pleaded Plausible Allegations of Any Misrepresentation under § 1692e(2)(A)

Defendants argue that Plaintiffs failed to plausibly allege that Defendants made false, deceptive, or misleading representations concerning the character, amount, or legal status of Plaintiffs' debt in violation of § 1692e(2)(A) of the FDCPA.  ECF No. 17 at PageID#: 90.

Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation in connection with the collection of any debt."  15 U.S.C. § 1692e. The section then identifies sixteen debt collection practices that are "violation[s] of [the] section."  *Id.*  One prohibited debt collection practice identified in § 1692e is the use of any "false representation of the 'character, amount, or legal status of any debt.'  *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 396 (6th Cir. 2015) (citing 15 U.S.C. § 1692e(2)(A)).  In order for a statement to violate the FDCPA, the statement must be "materially false or misleading."  *Duffey v. Nationstar Mortg.*, 614 F. App'x 330, 334 (6th Cir. 2015) (emphasis added).  The Sixth Circuit applies the "least sophisticated consumer" test to determine whether the defendant's actions were misleading.  *Id.* (citing *Wallace*, 683 F.3d at 326).  The materiality standard "simply means that in addition to being technically false, a statement would tend to\

mislead or confuse the reasonable unsophisticated consumer." *Id.* (citing *Wallace*, 683 F.3d at 326_327). Examples of conduct the Sixth Circuit has deemed insufficient to state a claim that a debt collector's actions were deceptive or misleading include: statements related to potential loan modifications, *Forgues v. Select Portfolio Servicing, Inc.*, 690 F. App'x 896 (6th Cir. 2017), adding language in debt collection letters that interest or other charges could accrue if payments were not made, *Walker v. Shermata, Adams, Von Allmen, PC*, 623 F. App'x 764 (6th Cir. 2015), suing a debtor in state court to collect outstanding debt, *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389 (6th Cir. 1998), and filing a lawsuit without having immediate means of proving debt owed, *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir. 2006).

In applying the "least sophisticated consumer" test, the Court finds that Plaintiffs have not pleaded facts showing that Defendants' conduct amounted to deceptive or misleading debt collection practices.

Plaintiffs have failed to plausibly allege that Defendant SPS violated § 1692(e)(2)(A) by entering three new charges in Plaintiffs' July 14, 2016 Validation of Debt letter, without providing a detailed explanation of the charges. ECF No. 1 at PageID#: 9. At a minimum, Defendant SPS indicated what the charges were for: "(a) interest of $473,955.17; (b) escrow advance of $93,938.24; and (c) corporate advances of $5,083.15, conduct a reasonable consumer would likely expect. *Id.* More importantly, Plaintiffs have not set forth plausible facts to challenge the total amount of debt or to show that Defendant intentionally made a false representation of the debt owed, as this information may be entirely accurate. The FDCPA is designed to root out trickery and deception. Defendant's action does not fall within the scope of

practices the FDCPA was designed to curb, such as abusive phone calls, false and deceptive debt collection letters, and other patently unfair behaviors detailed in the statute's legislative history. *See Lewis*, 135 F.3d at 398.

Plaintiffs have also not plausibly alleged facts demonstrating that Defendant U.S. Bank engaged in deceptive debt collection practices. Plaintiffs do not dispute that an entry of default was entered against them and in favor of LaSalle (Defendant U.S. Bank's predecessor-in-interest) in the state court debt collection proceeding. ECF Nos. 1 at PageID#:5, ¶ 32; 17 1. Even with Defendant U.S. Bank filing its Assignment of Mortgage subsequent to its initiation of state foreclosure actions, the pleadings    including the judicially noticed attachments, clearly show that Defendant U.S. Bank had been appointed trustee for Plaintiffs' mortgage. *See* Plaintiffs' Request for Judicial Notice, ECF No. 32 1.

Although the federal and state trial courts have established rules of procedure directing the filing of foreclosure actions in a sequence not consistently followed by Defendant, the Sixth Circuit has held that filing a complaint without the immediate means of proving a claim is not an FDCPA violation. *Harvey*, 453 F.3d at 333. Plaintiffs' allegations do not refute the ultimate fact that Defendant is indeed the correctly appointed trustee of Plaintiffs' mortgage. "Defendants [simply] used the court system to secure a means for facilitating the collection of defaulted debt, general conduct [the Sixth Circuit has] hesitated before extending liability." *Wood v. Midland Funding, LLC*, No. 16-2206, 2017 WL2703795, at *5 (6th Cir. June 22, 2017);*see Richey v. CitiMortgage, Inc.*, No. 1:13 CV 01452, 2013 WL 5966176, at *3 (N.D. Ohio Nov. 8, 2013) (dismissing the plaintiff's FDCPA claim without prejudice because plaintiffs did not properly

allege their claim that the defendant did not own the note or the mortgage).  Accordingly,

Plaintiffs have failed to allege plausible facts identifying any material misrepresentation

Defendant U.S. Bank made concerning the debt owed.

For the reasons stated above, Defendants' motion to dismiss (ECF No. 17), pursuant to

Fed. R. Civ. P. 12(b)(6), is granted.

### B.  Plaintiffs' Request for Leave to Amend

In their opposition to Defendants filed their Motion to Dismiss,  Plaintiffs moved for

leave to amend their Complaint concerning their FDCPA claim, if the Court so required, and to

include any additional causes of action Plaintiffs contend would be properly asserted against

Defendants in this matter.  ECF No. 24 at PageID#: 274.  Plaintiffs did not, however, submit a

proposed amended complaint or otherwise timely advise the Court of the substance of any

amendment they would seek to make in relation to their FDCPA claim.

"The party requesting leave to amend must act with due diligence if it wants to take

advantage of [Rule 15(a)(2)'s] liberality."  *Parry v. Mohawk Motors of Mich.*, 236 F.3d 299, 306

(6th Cir. 2000).  Plaintiffs simply cannot rely upon their "bare request" for leave to amend.

*Louisana Sch. Employees' Ret. Chandler v. Ernst & Young, LLP*, 622 F.3d 471, 698  99 (6th Cir.

2010) (holding that a "bare request in an opposition to a motion to dismiss    without any

indication of the particular grounds on which amendment is sought . . . does not constitute a

motion within the contemplation of Rule 15(a)"); *see also Evans*, 434 F.3d at 853 (affirming the

district court's decision denying the plaintiff's request for leave to amend because the plaintiff

requested leave without providing grounds or a proposed amended complaint to support her

request).  Because Plaintiffs fail to state with particularity the grounds in which to amend their FDCPA claim, and such an amendment would likely be futile   as Plaintiffs' have not alleged a plausible FDCPA claim   the Court denies Plaintiffs' request for leave to amend their Complaint with respect to their FDCPA claim.  *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) ("[C]ourts need not give leave to amend when doing so would be futile.").

During the October 4, 2017 Telephonic Case Management Conference, Plaintiffs informed the Court that they may seek to add a Real Estate Settlement Procedures Act cause of action to their complaint.  The Court informed the parties that it would consider Plaintiffs' new cause of action.  Therefore, if Plaintiffs still intend to amend their Complaint to include a viable cause of action, such as a Real Estate Settlement Procedures Act cause of action, Plaintiffs shall have leave to do so until not later than 7 days from the issuance of this Order.  Should an amended complaint be filed, Defendants have 7 days from the filing to place on the docket a responsive pleading.

## IV.  Conclusion

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss (ECF No. 17).  Plaintiffs' Request for Judicial Notice (ECF No. 32) of certain documents is granted.  Plaintiffs' Request for Leave to Amend (ECF No. 24) is granted in part.  If Plaintiffs still intend to amend their Complaint, Plaintiffs shall have leave to do so until not later than 7 days from the issuance

(4:17CV1142)

of this Order.  Should an amended complaint be filed, Defendants have 7 days from the filing to

place on the docket a responsive pleading.


     IT IS SO ORDERED.


 March 27, 2018                                /s/ Benita Y. Pearson             
Date                                        Benita Y. Pearson
                                           United States District Judge