PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RONALD J. SMITH, *et al.*, | ) | |
| | ) | CASE NO. 4:17CV1142 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 40, 41] |

On March 27, 2017, the Court issued its Memorandum of Opinion and Order granting the

motion to dismiss filed by Defendant U.S. Bank National Association ("U.S. Bank"), and

Defendant Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants") (ECF No. 17),

and granting in part Plaintiffs' request for leave to amend their pleadings (ECF No. 24).  ECF

No. 39.  Pending before the Court is Plaintiffs' Motion to Alter or Amend the Judgment (referred

to in this Order as a motion for reconsideration).[1] ECF No. 41.  Defendants filed an opposition,

ECF No. 42, and Plaintiffs filed a reply, ECF No. 43.  The matter is ripe for adjudication.  For

the reasons that follow, Plaintiffs' motion for reconsideration is denied.

---

[1] No judgment had yet been entered when Plaintiffs filed their motion, so the
motion is more intuitively styled a motion for reconsideration. The Federal Rules of Civil
Procedure, however, do not strictly provide for such a motion.  In the Sixth Circuit, a
motion asking the Court to revisit a prior ruling is governed by Fed. R. Civ. Pro. 59(e)
whether or not a final judgment has been entered.  *See Rodriguez v. City of Cleveland,*
2009 WL 1565956, at *1 (N.D. Ohio June 6, 2009) (citing *Smith v. Hudson*, 600 F.2d 60,
62 (6th Cir.1979)).

## I. Background

On March 5, 2004, Plaintiffs Ronald and Nancy Smith entered into a mortgage loan agreement with Motion Financial and Encore Credit Corp. ECF No. 1 at PageID#: 4, ¶ 20. Plaintiffs executed a Note in the amount of $528,500.00 in favor of Encore, and the Note was secured by a mortgage encumbering their home. *Id.* at PageID#: 3, ¶¶ 9-10. On May 10, 2005, the mortgage was assigned to LaSalle Bank National Association ("LaSalle") as Trustee for certificateholders of Bear Stearns Asset Backed Securities I LLC Asset-Backed Certificates Series 2004-HE5. ECF Nos. 1 at PageID#: 4, ¶ 22; 17-1 at PageID#: 96.

Plaintiffs defaulted on their loan. ECF No. 1 at PageID#: 5, ¶ 28. LaSalle filed a foreclosure action in state court on October 18, 2005, and entered judgment against Plaintiffs on January 12, 2007. *Id.* at PageID#: 5, ¶¶ 28, 32. For various reasons, a Sheriff's Sale never took place. *Id.* at PageID#: 6, ¶¶ 33-42.

On June 2, 2017, Plaintiffs filed this action. *Id.* They argue that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2)(A), because they "have used false representations concerning the character, amount, or legal status of Plaintiffs' alleged debt . . . ."[2] ECF No. 1 at PageID#: 12, ¶ 94. Plaintiffs support their argument with two factual allegations. First, they state that SPS's debt-validation letter contained three charges that Plaintiffs had not seen before: (a) interest of $73,955.17; (b) escrow advance of $93,938.24; and (c) corporate advances of $5,083.15. ECF No. 1 at PageID#: 9, ¶ 64 ("No explanation of any

---

[2] Plaintiffs voluntarily dismissed their other claims. ECF No. 24 at PageID#: 271-72.

(4:17CV1142)

kind was provided as to what these new charges were for, or how they were calculated."). Second, they state that Defendant U.S. Bank falsely misrepresented that it is the real party in interest in Plaintiffs' loan even though it does not own the Note and mortgage. *Id.* at PageID#: 9, ¶ 67.

The Court dismissed Plaintiffs' claim under Fed. R. Civ. Pro. 12(b)(1), for lack of subject-matter jurisdiction, and Fed. R. Civ. Pro. 12(b)(6), for failure to state a claim on which relief may be granted. ECF No. 39. Specifically, the Court ruled that Plaintiffs lacked standing to sue because neither of Plaintiffs' factual allegations gave rise to a concrete and particularized, actual or imminent injury in fact, *id.* at PageID#: 374-78, and that Plaintiffs failed to state a cognizable claim for relief because neither of their factual allegations, if true, would give rise to liability under the FDCPA, *id.* at PageID#: 378-83. The Court granted Plaintiffs seven days' leave to amend their pleadings if they wished. *Id.* at PageID#: 383-85.

Eight days later, rather than amend their pleadings or appeal the Order of dismissal to the Sixth Circuit, Plaintiffs filed this motion asking the Court to reconsider and revise the judgment under Fed. R. Civ. Pro. 59(e).[3] ECF No. 41. They argue that the Court should reverse its Order of dismissal because it committed "clear errors of law," and because it would be a "manifest injustice" to let the Order stand. *Id.* Their "manifest injustice" argument, however, collapses into their "clear error" argument Plaintiffs essentially argue that it would be a manifest injustice to rest the judgment on a clear error. *See id.* at PageID#: 415-19.

---

[3] Plaintiffs filed an amended motion for reconsideration (ECF No. 41) to replace the original motion for reconsideration (ECF No. 40). The original motion (ECF No. 40) is denied as moot.

3

(4:17CV1142)

## II. Standard of Review

Rule 59(e) permits a district court to alter, amend, or vacate a prior judgment when there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Am. Civil Liberties Union v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). The same standard applies to motions for reconsideration filed prior to entry of final judgment. *See Rodriguez v. City of Cleveland*, 2009 WL 1565956, at *1 (N.D. Ohio June 6, 2009) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979)).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374). "[M]otions to reconsider are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *McConocha v. Blue Cross and Blue Shield Mut. Of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122.

## III. Law and Analysis

Plaintiffs challenge three of the Court's determinations. First, Plaintiffs argue that they have suffered an injury in fact sufficient to support standing to sue because Defendants' alleged

4

misrepresentations have caused them economic harm. Second and third, they posit that their

Complaint (ECF No. 1) plausibly alleges that the three "new charges" on SPS's debt-validation

letter and U.S. Bank's representations to them both amount to "false representation of the

character, amount, or legal status" of their debt. *See* 15 U.S.C. § 1692e(2)(A).

Each of Plaintiffs' contentions was fully briefed and competently argued the first time

around. ECF Nos. 17, 24, 25. Furthermore, each of their contentions finds a thorough, reasoned

answer in the Court's Order of dismissal. ECF No. 39. That reasoning is briefly explained

below.

Plaintiffs lack standing to sue because they fail to allege injury in fact. They do not allege

that SPS's three "new charges" (ECF No. 1 at PageID#: 9, ¶ 64) resulted in overcharging or any

other economic loss. They do not contend that U.S. Bank's alleged self-representation as the

"real party in interest in Plaintiffs' loan" (*Id.* at PageID#: 9, ¶ 67) led to overpayment or any other

kind of damage. They cite "striking similarities" (ECF No. 41-1 at PageID#: 411-12) to *Slorp v.*

*Lerner*, 587 Fed. App'x 249 (6th Cir. 2014), in which a plaintiff had suffered an injury in fact

because he spent money in legal fees fighting the defendant's fraudulent foreclosure. But

Plaintiffs in this case do not allege that they lost or spent any money (or suffered any cognizable

non-economic harm) as a result of Defendants' alleged FDCPA violations. They state only that

"Defendants [U.S. Bank] and SPS are liable to Plaintiffs in an amount to be proven at trial."

ECF No. 1 at PageID#: 13, ¶ 97; *see* ECF No. 41-1 at PageID#: 413. Even if all factual and legal

allegations in the Complaint are taken as true, Plaintiffs still fail to "demonstrate a personal stake

in the outcome," necessary to establish standing to sue. *See City of Los Angeles v. Lyons*, 461

(4:17CV1142)

U.S. 95, 101 (1983); *see also* *Spokeo, Inc. V. Robins*, 136 S. Ct. 1540, 1555 (2016) ("[N]ot all inaccuracies cause harm or present any material risk of harm.").  Because they lack standing to sue based on the allegations in their Complaint, Plaintiffs cannot invoke the Court's subject-matter jurisdiction.

Even if Plaintiffs had standing to sue, their factual allegations would nevertheless fail to state a claim under the FDCPA.  In its Order dismissing the case, the Court ruled that the FDCPA did not apply to Defendants because neither Defendant is or was a "debt collector."  *See* 15. U.S.C. § 1692e ("A debt collector may not . . . .").  A "debt collector," under the statute, is a person or entity that uses any instrumentality of interstate commerce or the mails in any business "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  An entity is not a debt collector for purposes of the statute if it collects debts on its own behalf.  *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017).

In their motion, Plaintiffs focus their efforts on persuading the Court that U.S. Bank was not assigned Plaintiffs' mortgage until after this litigation commenced, and therefore, up until the point of assignment, Defendants were "debt collectors," collecting on "debts owed or due . . . another."  ECF No. 41-1 at PageID#: 404-08.  In their initial opposition to Defendants' motion to dismiss, Plaintiffs conceded that they did not precisely allege in their Complaint that Defendants were "debt collectors," but that the Court should infer the allegation from the other facts pleaded. ECF No. 24 at PageID#: 273.  The Court acknowledges that, if it takes Plaintiffs' allegations as

6

true and accepts Plaintiffs' after-the-fact explanation of its pleadings, then the Complaint

plausibly alleges that Defendants were "debt collectors" within the meaning of the FDCPA prior

to U.S. Bank's assignment.

Even if the Court credits the Plaintiffs with alleging that essential element, however, their

pleadings are still deficient because they fail to allege that Defendants engaged in any conduct

that amounts to an FDCPA violation. They allege that SPS's debt-validation letter contained

three new charges, and "[n]o explanation of any kind was provided as to what these new charges

were for, or how they were calculated." ECF No. 1 at PageID#: 9, ¶ 64. But the FDCPA does

not prohibit *unexplained* representations to debtors    rather, it prohibits "false, deceptive, or

misleading" representations. 15 U.S.C. § 1692e. Plaintiffs do not contest that the new charges

were inaccurate or deceptive, just that SPS's line-item descriptions of the charges were not

explained to their satisfaction. Plaintiffs also allege that U.S. Bank falsely identified itself as the

real party in interest on its loan. ECF No. 1 at PageID#: 9, ¶ 67. The FDCPA, however, does not

prohibit false representations concerning the identity of the real party in interest on one's loan.

*See* 15 U.S.C. § 1692e. Rather, it prohibits false representations that pertain to the "character,

amount, or legal status of any debt." *Id.* Taking all allegations as true, the factual material put

forward in Plaintiffs' Complaint does not amount to an FDCPA violation by either Defendant.

In their opposition to Defendants' motion to dismiss, Plaintiffs requested leave to amend

their pleadings in the event of an adverse ruling. ECF No. 24 at PageID#: 274. The Court

granted that request and ordered, "If Plaintiffs still intend to amend their Complaint, Plaintiffs

(4:17CV1142)

shall have leave to do so until not later than 7 days from the issuance of this Order." ECF No. 39 at PageID#: 384-85.  Seven days passed, and Plaintiffs filed nothing on the docket.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motions for reconsideration (ECF Nos. 40, 41) are denied.  Because Plaintiffs declined to amend their pleadings or otherwise act within the seven-day period of leave granted by the Court (ECF No. 39 at PageID#: 384-85), the case is hereby dismissed.  Judgment will be entered for the Defendants.

IT IS SO ORDERED.

 September 19, 2018             */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                                  United States District Judge